**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-1555**

———————

NJOLI ROGER BOSUNG,

                                                Petitioner,

        versus

ALBERTO R. GONZALES, Attorney General,

                                                Respondent.

———————

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A97-201-448)

———————

Submitted:  February 28, 2006        Decided:  April 3, 2006

———————

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Kell Enow, Silver Spring, Maryland, for Petitioner. Charles T.
Miller, Acting United States Attorney, Fred B. Westfall, Jr.,
Assistant United States Attorney, Charleston, West Virginia, for
Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Njoli Roger Bosung, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture.

In his petition for review, Bosung contends that the Board erred in denying asylum relief on the ground that he failed to demonstrate that he filed his application within one year of the date of his arrival in the United States. See 8 U.S.C. § 1158(a)(2)(B) (2000). We conclude that we lack jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3) (2000), even in light of the recent passage of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231. See Chen v. United States Dep't of Justice, 434 F.3d 144, 150-54 (2d Cir. 2006) (collecting cases). Given this jurisdictional bar, we cannot review the underlying merits of Bosung's asylum claim.

Bosung also contends that the Board erred in denying his request for withholding of removal. "To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing INS v. Stevic, 467 U.S. 407, 430 (1984)). Based on our review of the

- 2 -

record, we find that Bosung failed to make the requisite showing before the immigration court. We therefore uphold the denial of his request for withholding of removal.

We also find that substantial evidence supports the finding that Bosung fails to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2005). We find that Bosung failed to make the requisite showing before the immigration court.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED